IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02249-RM-KLM

FELECTIA A. JOHNSON, Individually, and as Special Administrator of the Estate of Donald Wayne Lee, also known as Donald W. Lee, also known as Donald Lee, Deceased,

    Plaintiff,

v.

SERGIO FLORES, and
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, also known as State Farm Insurance, also known as State Farm, and also known as State Farm Insurance Companies,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** issued by the Court on May 15, 2013 [Docket No. 34]. In the Order to Show Cause, the Court directed Plaintiff to show cause why the Court should not recommend that the case against Defendant Sergio Flores ("Flores") be dismissed pursuant to Fed. R. Civ. P. 4(m). In that Order, Plaintiff was directed to either file proof of service or respond and show good cause for her failure to properly serve Defendant Flores. *Order to Show Cause* [#34] at 1. Plaintiff's deadline was June 14, 2013. *Id.* at 2. On June 12, 2013, the Court granted Plaintiff's counsel's motion to withdraw. *See generally Order* [#44]. Noting that Plaintiff would be proceeding in this action *pro se*, the Court *sua sponte* extended two deadlines, including Plaintiff's deadline to respond to the Order to Show Cause, to June 28, 2013. *Id.* at 2.

Plaintiff has not filed proof of service on Defendant Flores or responded to the Order to Show Cause.

Plaintiff's lawsuit was filed on April 27, 2012 and removed to this Court on August 23, 2012. *See Notice of Removal* [#1] at 1.[1] As noted in the Order to Show Cause [#34], Plaintiff hired a private investigator to locate Defendant Flores. *See Notice of Removal* [#1] at Exs D, E. However, since August 23, 2012, Plaintiff has not provided proof of service or filed a status report with this Court regarding service of Defendant Flores. Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Defendant Flores has now expired. Moreover, Plaintiff failed to respond to the Order to Show Cause.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. The case against Defendant Flores has been pending since April 2012, Plaintiff failed to effect service of Defendant Flores within the time allotted pursuant to Fed. R. Civ. P. 4, and failed to provide good cause for the Court to find that an opportunity exists to cure the service deficiency in the future. Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendant. *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n. 4 (D. Colo. Feb. 13, 2008) (unpublished decision). Regardless of Plaintiff's desire to keep Defendant Flores in the case and have him answer to the claims asserted against him,

---

[1] The Court notes that pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Therefore, Defendant Flores' consent to removal was not required.

neither can be accomplished without service. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause is made **ABSOLUTE**. Plaintiff has failed to show cause as to why the Court should not recommend dismissal of Defendant Flores.

I respectfully **RECOMMEND** that the claims against Defendant Flores be **DISMISSED without prejudice**, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 2, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge